NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and JOYCE R. LINIS-MOREL, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF JOSEPH MOLINARO, L.L.C., JOSEPH A. MOLINARO, NEONATAL ASSOCIATES, LLC, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 17-11926 (SDW) (SCM)<br><br>**OPINION**<br><br>April 13, 2018 |

**WIGENTON,** District Judge.

Before this Court is Defendant Neonatal Associates, LLC's ("Neonatal") Motion to Dismiss Plaintiffs Luis A. Rodriguez-Ocasio and Joyce R. Linis-Morel's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Neonatal's Motion to Dismiss is **GRANTED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs instituted this suit in response to a separate debt-collection action that Defendants Neonatal, the Law Offices of Joseph Molinaro, L.L.C. (the "Molinaro Firm"), and Joseph A. Molinaro ("Molinaro") (collectively, "Defendants") filed against Plaintiffs in state court. (Compl. ¶¶ 22-25, ECF No. 1-1.) Plaintiffs are former patients of Neonatal, a medical practice group with

an office in Paterson, New Jersey. (*Id.* ¶¶ 10, 53.) Neonatal "assigned, placed, or transferred" Plaintiffs' allegedly past-due account to the Molinaro Firm, a collection law firm, and its principal attorney and managing member, Molinaro (collectively, the "Debt-Collector Defendants"). (*Id.* ¶¶ 7-8, 22-24.) Plaintiffs allege that in an attempt to collect the debt, Defendants filed a "Certification of Proof and Nonmilitary Service" ("Certification") in the debt-collection action that contained "highly confidential and legally protected health information," and "intentionally disclosed private facts about Plaintiffs and their minor child to the general public." (*Id.* ¶¶ 27-30.) In particular, the Certification included a statement of services from Neonatal that "contained the full account number, Plaintiffs' minor's name, dates of services, medical and/or insurance codes, [and a] description of medical services[.]" (*Id.* ¶ 29; *see also* Certification at 3, ECF No. 19-2.)

On October 3, 2017, Plaintiffs filed a putative class action against Defendants in the Superior Court of New Jersey, Law Division, Bergen County. (*See generally* Compl.) Plaintiffs' six-count Complaint alleges: breach of doctor-patient privilege, as against Neonatal (Count One); violation of the Consumer Fraud Act, as against Neonatal (Count Two); breach of a duty of care, as against Neonatal (Count Three); violation of the Fair Debt Collection Practices Act, as against the Debt-Collector Defendants (Count Four); invasion of privacy (Count Five); and malicious use or abuse of process (Count Six). (*Id.*) The Debt-Collector Defendants removed the suit to this Court on November 21, 2017. (Notice of Removal, ECF No. 1.) On December 12, 2017, Neonatal filed the instant Motion to Dismiss the Complaint.[1] (ECF No. 10.) On February 2, 2018, Plaintiffs filed a Notice of Dismissal as to Counts Two and Six, as well as their opposition to the motion. (ECF Nos. 18-19.) Neonatal replied on February 16, 2018. (ECF No. 22.)

---

[1] This Court notes that Neonatal's briefs were not submitted in compliance with Local Civil Rule 7.2(d). Neonatal is advised that in the future, its submissions will be stricken should it fail to adhere to the Court's font-size requirements.

## II.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

If the court finds that a complaint is subject to dismissal under Rule 12(b)(6), it "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*,

515 F.3d at 245. "[A] district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*

**III. DISCUSSION**

As an initial matter, among Plaintiffs' remaining causes of action, only Counts One, Three, and Five contain allegations against Neonatal. (*See generally* Compl.) Therefore, this Court will only address those counts in deciding the instant motion.

　　a. <u>Count One: Breach of Doctor-Patient Privilege</u>

Physicians and hospitals are "under a common law duty to maintain the confidentiality of patient records and information." *Smith v. Datla*, 164 A.3d 1110, 1122 (N.J. Super. Ct. App. Div. 2017); *Estate of Behringer v. Med. Ctr. at Princeton*, 592 A.2d 1251, 1268 (N.J. Super. Ct. Law Div. 1991). However, "exceptions to the [doctor-patient] privilege have been widely recognized." *Estate of Behringer*, 592 A.2d at 1268; *see, e.g.*, 45 C.F.R. § 164.506(c)(1) (allowing covered entities, such as health care providers, to "use or disclose protected health information for . . . payment").

Here, the Complaint alleges that Neonatal authorized the Debt-Collector Defendants to act as its agents, and that it "voluntarily gave Plaintiffs' highly confidential and legally protected health information to the Debt Collector Defendants . . . in connection with their attempt to collect a debt." (Compl. ¶¶ 30, 43.) Because a patient's right against disclosure is not absolute, to maintain a claim for breach of doctor-patient confidentiality, Plaintiff must allege that Neonatal did more than send Plaintiffs' past-due account to a debt collector for payment.[2] As such, Neonatal's Motion to Dismiss is granted as to Count One.

---

[2] Plaintiffs' references to prior lawsuits wherein an agent of Neonatal signed court papers in relation to debt-collection actions go far beyond the four corners of the Complaint; they are irrelevant, and are stricken as improperly attached to Plaintiffs' opposition brief. *See* Fed. R. Civ. P. 12(d).

b. Count Three: Breach of Duty of Care

In New Jersey, a plaintiff asserting a negligence claim must establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 571 (N.J. 2013). In their Complaint, Plaintiffs allege that they were Neonatal's patients, Neonatal owed them a duty of care, and Neonatal breached that duty of care. (Compl. ¶¶ 53-55.) However, as discussed above, Rule 8 requires more than a "recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Because the Complaint does not specify the duty of care that was allegedly breached, Plaintiffs have not sufficiently pled a claim for negligence.[3] Therefore, Neonatal's Motion to Dismiss is granted as to Count Three.

c. Count Five: Invasion of Privacy

"The tort of invasion of privacy is defined as an intentional intrusion, 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns' that 'would be highly offensive to a reasonable person.'" *G.D. v. Kenny*, 15 A.3d 300, 319-20 (N.J. 2011) (quoting *Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1982)). To establish improper publication of private facts, which is a subset of invasion of privacy, "a plaintiff must show that the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized." *Bisbee*, 452 A.2d at 691.

In the instant matter, Plaintiffs allege that Defendants "invaded Plaintiffs' right to privacy and subjected them to abuse, harassment, intimidation, and humiliation by publicly disclosing Plaintiffs' confidential and legally protected health information." (Compl. ¶ 74.) They further

---

[3] Rather, for the first time in their opposition brief, Plaintiffs allege that Neonatal breached its "duty to keep Plaintiffs' private information from public disclosure." (Pls.' Opp'n Br. at 24, ECF No. 19.)

allege that Defendants disclosed the information "in an attempt to gain unfair leverage over Plaintiffs." (*Id*. ¶ 75.) However, the facts contained in the Complaint do not suggest that the information disclosed in the Certification would be "offensive and objectionable to a reasonable man of ordinary sensibilities." *Bisbee*, 452 A.2d at 691 (citation omitted). Because Plaintiffs' claim for invasion of privacy has not been sufficiently pled, Neonatal's Motion to Dismiss is granted as to Count Five.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED**, solely as to Neonatal. Plaintiffs shall have thirty (30) days to file an Amended Complaint. An appropriate Order follows.

s/ *Susan D. Wigenton*<br>
**SUSAN D. WIGENTON**<br>
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Steven C. Mannion, U.S.M.J.
        Parties